## ADDENDUM

1.  <u>People v. La Rosa,</u> 112 A.D.2d 954, 955 (N.Y. App. Div. 2d Dep't 1985)

    "Defendant was also prejudiced by numerous improprieties committed by the prosecutor during summation. In his closing comments, the prosecutor improperly vouched for his own case . ..; denigrated the defense by using certain pejorative phrases which suggested that the alibi defense was concocted . . . misrepresented material facts; and misquoted testimony. . . Although some of the remarks were stated without objection, the cumulative effect of all of the aforementioned errors necessarily deprived defendant of a fair trial, particularly when viewed in conjunction with what we perceive to be a case where proof of guilt was far from overwhelming."

2.  <u>People v. Dickson,</u> 112 A.D.2d 312, 314 (N.Y. App. Div. 2d Dep't 1985)

    "During summation the prosecutor misrepresented Dr. Emma's testimony as corroborating and substantiating the complainant's version of the incident, going so far as to state that: "You heard him [Dr. Emma] testify as to the broken hymen and you heard him testify as to his professional opinion as to why all of this took place". In fact, however, Dr. Emma had offered no medical opinion as to whether complainant had been engaged in any sexual conduct at the time in question and had stated that he could not determine how or when the break in the hymenal ring had occurred and could not attribute a cause for the slight tenderness in the complainant's cervix."

    "While these instances of prosecutorial misconduct were not preserved for review as a matter of law, I consider them to have been sufficiently serious in the context of this trial to require that we exercise our interest of justice jurisdiction . . . The circumstances and closeness of this case were such as to require that the jury in no wise be misled or inflamed as it carried out its function of assessing the sharply conflicting testimony of the defendant and his niece."

3.  <u>People v. Hines,</u> 112 A.D.2d 316, 317 (N.Y. App. Div. 2d Dep't 1985)

    "Additionally, the prosecutor's summation frequently passed the boundary of fair

advocacy. He referred numerous times to robbers as cowards, to defendant as a coward and to the fact that defendant allegedly slept during the course of the trial. Also, as noted, he stressed the other "police procedures" which led to the selection of defendant as a suspect, clearly an attempt to have the jury infer that there was other evidence against defendant, of which they had not been told. The prosecutor's summation should have been restricted to the evidence presented."

4.    People v. Williams, 112 A.D.2d 177, 178-179 (2d Dept. 1985)

"Finally, in light of the fact that we find that a new trial is in order, we point out certain conduct of the prosecutor which was improper and should not be repeated at a new trial. At one point during his summation the prosecutor intimated to the jury that they were required to find that the complainant lied in order to acquit the defendant and noted that the defense failed to show any logical reason for the complainant to lie. Such overzealous advocacy by the prosecutor was improper and prejudicial in that it served to divert the jury's attention from defendant's assertion that the complainant's identification of him was mistaken and unreliable. Moreover, it tended to shift the burden of proof on identification to the defendant . . . The fact that there were disturbing inconsistencies in the complainant's testimony which were exploited by the defense at trial did not create a license for such comment by the prosecutor. In addition, the prosecutor made comments which improperly injected his integrity and the integrity of his office into the case and implied that the public nature of his office rendered the People's case more reliable."

5.    People v. Torres, 111 A.D.2d 885, 886-887 (N.Y. App. Div. 2 Dep't 1985)

"We also note that certain of the prosecutor's comments during summation were improper. The prosecutor's consistent implication that defendant and his trial counsel had concocted the alibi, through the use of phrases such as "doomsday sham", "unbelievable defense", "smokescreen" and "[confusion] defense", clearly exceeded the bounds of proper rhetorical comment. His remark that, if the jury acquitted defendant, "that verdict [will] ring from one end of the county to the other" improperly suggested that the jury would be subject to scorn and ridicule if they acquitted defendant."

"Although none of the aforementioned errors has been preserved for our review as a matter of law, the complainants' opportunity to view defendant was so limited as

2

to raise strong doubts concerning their ability to correctly identify the perpetrator and, therefore, a new trial is warranted in the interest of justice."

6.   People v. Brown, 111 A.D.2d 248, 250 (N.Y. App. Div. 2d Dep't 1985)

"We also find it necessary to comment with respect to improper conduct of the prosecutor during trial so that it will not hereafter be repeated. At one point during his summation, after characterizing defense counsel's arguments as a cloud of black ink used to confuse the issues, the prosecutor stated, "I am going to lead you through that cloud of confusion to the truth". The implication that the defense arguments were intended to confuse while those of the People were on the side of truth was wholly improper . . . Moreover, later during his summation, the prosecutor stated that, [by] your verdict you should speak the truth. It is not a search for reasonable doubt". Such a comment implied that the jury should convict even if not convinced beyond a reasonable doubt, so long as it believed its verdict represented the "truth". Further, with respect to the knife found on defendant's person, which was not used in the robbery, the prosecutor's sarcastic rhetorical question as to whether defendant used it to clean his fingernails was uncalled for. Finally, the prosecutor's comment that defendant's being under oath did not mean that he was telling the truth was a thinly veiled accusation that defendant was lying under oath and was improper."

7.   People v. Roopchand, 107 A.D.2d 35, 36 (N.Y. App. Div. 2d Dep't 1985)

"The core question dividing us is whether the trial prosecutor's remarks in summation, which were patently improper and which we unequivocally condemn, entitle the defendant to a new trial. A review of the record convinces the majority of us that reversal is not warranted."

8.   People v. La Rosa, 112 A.D. 2d 954, 955 (2d Dept. 1985)

"Defendant was also prejudiced by numerous improprieties committed by the prosecutor during summation. In his closing comments, the prosecutor improperly vouched for his own case . . . ; denigrated the defense by using certain pejorative phrases which suggested that the alibi defense was concocted . . .; misrepresented material facts; and misquoted testimony . . .Although some of the remarks were stated without objection, the cumulative effect of all of the aforementioned errors

3

necessarily deprived defendant of a fair trial, particularly when viewed in conjunction with what we perceive to be a case where proof of guilt was far from overwhelming."

9.    <u>People v. Valdivia,</u> 108 A.D.2d 885, 886 (N.Y. App. Div. 2d Dep't 1985)

"We strongly condemn several errors committed by the prosecutor. Defendant's alibi witness was improperly cross-examined concerning his taking an affirmation in lieu of an oath, and the prosecutor made a reference to the affirmation in his summation. However, impeachment by inquiry into a witness' religious beliefs or lack thereof is not per se reversible error and, in light of the short duration and relatively neutral tone of the cross-examination, the mere fleeting reference in summation to the affirmation, and the overwhelming proof of guilt, we hold the error to be harmless."

10.    <u>See People v. Ortiz,</u> 125 A.D.2d 502, 503, 509 N.Y.S.2d 418, 419 (2d Dep't 1986)

"Moreover the prosecutor improperly injected his own beliefs into his summation by gratuitously suggesting that the defendant's life-style and associations were indicative of guilt. Thus, he commented '(you) see, the defendant is living two lives. On one side he has got his wife and child and his family. On th other side he has got friends like Vergara, street people who have been in trouble with the law. People who hang out on the street". The prosecutor returned to this refrain by remarking that the defendant's neighborhood was "bad" and by then commenting that "there is trouble there all the time. That does not mean that defendant is guilty of murder. But it sets the scene". Further, the prosecutor improperly described the defense as a "smokescreen" created so that the jury "would not consider the evidence". Finally, after arguing that the defense was one depending on sympathy and counseling the jury not to consider sympathy, the prosecutor himself appealed to the jury by commenting that "[if] you were to consider sympathy of the defendant and his family, what about sympathy to the Guerrero family. Jose Guerrero's life was taken for no reason". Although many of these comments were not objected to at the trial, "[in] a case involving close factual issues, such as this one, bolstering comments such as these will be subject to review despite the lack of objection." In our view, considering the less than overwhelming nature of the People's case, we conclude that the defendant is entitled to a new trial".)

4

11.   <u>People v. Montalvo,</u> 125 A.D.2d 338 (N.Y. App. Div. 2d Dep't 1986)

"The defendant is entitled to a new trial on the ground that the prosecutor, in his summation, and the trial court in its charge to the jury, improperly commented upon the defendant's failure to testify and to call witnesses in his own behalf."

12.   <u>People v. Brown,</u> 125 A.D.2d 321, 321-322 (N.Y. App. Div. 2d Dep't 1986)

"During the course of her summation, the prosecutrix exceeded the bounds of proper advocacy by implying that the defendant's stipulation that the victim had been raped and sodomized was a stipulation that the victim had told the truth, and by improperly bolstering the victim's testimony. The prosecutrix further exceeded proper bounds by telling the jury that if the victim's testimony was not enough, "then there's something terrible, something terribly wrong with you.""

13.   <u>People v. Anderson,</u> 123 A.D.2d 770, 776-777 (N.Y. App. Div. 2d Dep't 1986)

"This prejudicial error was compounded (1) by the admission of a statement, during the redirect testimony of Michael Keeling, a prosecution witness, who was improperly allowed to testify over an objection by defense counsel based on the ground of hearsay, that Warlick has told him that he was going to testify against the defendant and was "holding a lot of weight" for the defendant, and (2) during summation, when the prosecutor improperly commented several times on Warlick's invocation of his privilege against self-incrimination."

14.   <u>People v. Robinson,</u> 123 A.D.2d 796, 797 (N.Y. App. Div. 2d Dep't 1986)

"Some of the prosecutor's remarks in summation would have been better left unsaid. In justifying the People's failure to retain for trial certain items of evidence seized from the defendant and his codefendant, the prosecutor asked the jurors to consider how they would feel if their homes had been burglarized. He also justified the failure to take fingerprints by asking what purpose it would serve "when we know who did it? We have no doubt as to what the witness or officer told us". Although this comment purported to answer questions raised by defense counsel, it improperly bolstered the credibility of the People's witnesses, and usurped the jury's function ...Remarks such as these should be scrupulously avoided ..."

15.  <u>People v. Roudabush</u>, 123 A.D.2d 649, 650 (N.Y. App. Div. 2d Dep't 1986)

"We would fail in our obligations, however, if we did not condemn the prosecutor's misconduct during the summation. During oral argument of the appeal, we made our reactions to this conduct quite clear. Nevertheless, under all the circumstances, the trial was fair enough to defeat the defendant's demand for reversal on the basis of the prosecutor's statements in summation."

16.  <u>People v. Ciervo</u>, 123 A.D.2d 393, 396-397 (N.Y. App. Div. 2d Dep't 1986)

"Finally, we strongly disapprove of several of the prosecutrix's remarks during summation, including the characterization of the defense case as "razzle dazzle", "the old three ring circus", a "con", and her comparison of it to "Watergate", and George Orwell's novel "1984". We are unpersuaded by the People's claim that these remarks represent fair comment in response to the defense counsel's summation."

17.  <u>People v. Beaman</u>, 122 A.D.2d 848, 849 (N.Y. App. Div. 2d Dep't 1986)

"Additionally, the prosecutor improperly capitalized, during summation, on the witness's refusal to testify, referring to him as the "human clam" and commented that although he had testified before the Grand Jury, he had nothing to say at trial . . . This behavior supports our finding of prosecutorial misconduct and thus the first prong of the test, i.e., an improper motive is present here."

18.  <u>People v. Pascullo</u>, 120 A.D.2d 687, 688 (N.Y. App. Div. 2d Dep't 1986)

"During her summation, the most egregious error committed by the prosecutrix occurred when she told the jury that if they acquitted the defendants they would be teaching them that "racism and prejudice are okay * * * New York is really Selma, Alabama, or Mississippi back in 1935 with lynch mobs"."

19.  <u>People v. Mercado</u>, 120 A.D.2d 619, 620 (N.Y. App. Div. 2d Dep't 1986)

"We note that the inflammatory nature of these photographs was improperly emphasized and further enhanced by the prosecutor during his summation when he

made reference to the jury having seen the defendant in his "Al Capone get-up"."

20.    <u>People v. Reyes</u>, 119 A.D.2d 596, 596-597 (N.Y. App. Div. 2d Dep't 1986)

"Finally, we note that the prosecutor made the following improper comment during summation: "Now, contrary to what the Defense Counsel would have you believe, a trial is not a search for reasonable doubt. Plainly simply a trial is a search for truth. Not supposed to be sitting here trying to pick reasonable doubt out from everything that goes on [sic]". While we view with disfavor the attempt by the prosecutor to subvert the law relative to reasonable doubt, we note that this error was not preserved for review and that the proof of the defendant's guilt was overwhelming. We have considered the defendant's other claims and find them to be without merit."

21.    <u>People v. Forgione</u>, 134 A.D.2d 514, 516 (N.Y. App. Div. 2d Dep't 1987)

"Moreover, while some of the prosecutor's questions and comments might have been better left unsaid, they did not deprive the defendant of his right to a fair trial."

22.    <u>People v. Johnstone</u>, 131 A.D.2d 782, 783 (N.Y. App. Div. 2d Dep't 1987)

"While several of the prosecutor's statements during his summation were improper inasmuch as they tended to advise the jury as to the applicable law, a function reserved exclusively for the Trial Judge, they do not warrant reversal."

23.    <u>People v. Torriente</u>, 131 A.D.2d 793, 794-795 (N.Y. App. Div. 2d Dep't 1987)

"Finally, the defendant was prejudiced by numerous statements made during the prosecutor's summation, which the respondent concedes "is not deserving of accolades and some remarks would have been better left unsaid". Specifically, we note that the prosecutor improperly referred to the defense counsel's summation as "a story", which was a "Reader's Digest version" of the testimony; and stated that the jury should "not go into the twilight zone to draw some unreasonable conclusion that [defense counsel] would ask you to draw from the evidence". The prosecutor further referred to the defendant's testimony as "hogwash", and "what anybody accused of a crime would say". Additionally, the prosecutor argued that

the shooting victim could not be believed because "if [he] told you your own name you would look in your wallet and pull out your driver's license to check"...

While some of the noted improprieties were not preserved for our review as a matter of law and the trial court did give certain curative instructions, we find that the cumulative effect of all of these errors necessitates a reversal and a new trial."

24.    People v. Scoon, 130 A.D.2d 597, 598 (N.Y. App. Div. 2d Dep't 1987)

"The improper preclusion of questioning concerning the underlying facts of a youthful offender grand larceny adjudication was exacerbated by the prosecutor in his summation when he commented as to the complaining witness as follows: "Not one of those crimes involved dishonesty he's not a liar"."

"Moreover, the prosecutor improperly and repeatedly commented on matters not in evidence -- namely, the contents of a radio transmission calling the police to the scene of the crime, and a police report, neither of which had been admitted into evidence and both of which allegedly indicated that gunshots had been fired -- in an improper attempt to corroborate the complainant's testimony that he had been pistol-whipped and shot at by defendants. Since the defendants claimed that they did not have any guns, and since an element of the crime of assault in the second degree for which they were convicted requires that physical injury be caused by use of a deadly weapon or a dangerous instrument . . . the prosecutor's reference to matters not in evidence, and his asking the jury to infer that such matters corroborated the complainant's testimony, was highly prejudicial . . ."

25.    People v. Simms, 130 A.D.2d 525, 525-526 (N.Y. App. Div. 2d Dep't 1987)

"In addition to the foregoing, the prosecutor repeatedly alluded to facts which were not in evidence, essentially forced the defendant to say that the prosecution witnesses were lying characterized the defense summation as a "fairy tale", vouched for the credibility of prosecution witnesses while denigrating the defense, and otherwise exceeded the bounds of proper rhetorical comment during summation. In a case such as this, where the evidence of guilt was far from overwhelming, where the misconduct was pervasive, and where the jury was not fully apprised of the impropriety of some of the statements made by the prosecutor, a reversal is warranted, and a new trial must be held."

26.    People v. Memminger, 126 A.D.2d 752, 753 (N.Y. App. Div. 2d Dep't 1987)

8

"Finally, in ordering a new trial, we admonish the prosecution to remain within the bounds of fair comment during summation and to refrain from inappropriate and inflammatory remarks such as suggesting that the victim claimed he was nearly killed by the defendant."

27.    People v. Napoli, 126 A.D.2d 674, 675-676 (N.Y. App. Div. 2d Dep't 1987)

"We note that the trial court in its Sandoval ruling should have reduced the number of convictions into which inquiry could be made and that the prosecutor improperly went beyond the four corners of the evidence in referring to the defendant's robbery record during the course of summation. However, in view of the strong evidence of the defendant's guilt the errors were harmless, and, accordingly, we decline to reverse his judgment of conviction."

28.    People v. Portis, 141 A.D.2d 773 (N.Y. App. Div. 2d Dep't 1988)

"To the extent that the prosecutor's remarks were improper, in light of the overwhelming evidence of the defendant's guilt, they did not deprive the defendant of a fair trial."

29.    People v. Romain, 137 A.D. 2d 848 (2nd Dept.) **SEE TOM**

"We further note that the prosecutrix overstepped the bounds of appropriate rhetorical commentary.  The prosecutrix's mischaracterization of the defendant's testimony, which was intended to convince the jury that the defendant had admitted his guilt when he had not, constitutes a gross distortion, the magnitude of which was highly prejudicial.

30.    People v. Gomez, 156 A.D.2d 462, 463-464 (N.Y. App. Div. 2d Dep't 1989)

"The foregoing are just a few of the many instances of prosecutorial overreaching which permeated this trial. Throughout his summation, the prosecutor improperly attempted to inflame the passions of the jurors, vouched for the credibility of his witnesses, denigrated the defense and attempted to shift the burden of proof . Although many of the prosecutor's remarks when taken separately would not have warranted reversal, given the frequency with which this misconduct occurred and the outrageousness of that misconduct, and given that the evidence against the defendant was less than overwhelming, we conclude that the defendant was denied a fair trial and, therefore, reverse the judgment of conviction."

9

31.    <u>People v. Durham</u>, 154 A.D.2d 615, 616 (N.Y. App. Div. 2d Dep't 1989)

"The prosecutor, in summation, repeatedly vouched for the prosecution witnesses, and referred pejoratively to the defendant as a "loud drunk" and to the defendant's testimony as a "creation, a fabrication". Again, we have consistently held this to be error. In sum, we find that these prosecutorial excesses deprived defendant of a fair trial."

32.    <u>People v. Langford, 153 A.D.2d 908, 909 (N.Y. App. Div. 2d Dep't 1989)</u>

"The record also reveals that the prosecutor made numerous improper remarks during the course of his summation. In summation a prosecutor must stay within the "'four corners of the evidence'" and avoid irrelevant comments which have no bearing on any legitimate issue in the case."

33.    <u>People v. Stewart, 153 A.D.2d 706 (N.Y. App. Div. 2d Dep't 1989)</u>

"The trial was marked by the prosecutor's efforts, even over sustained objections, to characterize the defendant as an individual predisposed to commit the crime charged. Although proof of a prior crime may be introduced under certain circumstances, and may be the subject of cross-examination insofar as it relates to credibility, it may not be offered, or argued in summation, as illustrative of a criminal propensity."

34.    <u>People v. Olphie, 151 A.D.2d 701, 702 (N.Y. App. Div. 2d Dep't 1989)</u>

"In any event, the prosecutor's remarks, while perhaps better left unsaid, did not constitute reversible error."

35.    <u>People v. Torres, 150 A.D.2d 406 (N.Y. App. Div. 2d Dep't 1989)</u>

"While some of those remarks would have been better left unsaid, they were not so prejudicial as to warrant reversal, especially when considered in conjunction with the trial court's curative instructions and the overwhelming proof of the defendant's guilt."

36.    <u>People v. Clark</u>, 155 A.D. 2d 548 (N.Y. App. Div. 2d Dept. 1989)

"While we agree with the defendant that some of the remarks made by the prosecutor in summation were improper and might have been better left unsaid, we do not agree that these remarks warrant reversal."

37.    <u>People v. Williams, 162 A.D.2d 488 (N.Y. App. Div. 2d Dep't 1990)</u>

"Reversal of the defendant's judgment of conviction is mandated by our prior holding, made on the appeal of the codefendant Vincent Dunlap, with whom the defendant was jointly tried, that the prosecutor's summation was so highly inflammatory and prejudicial as to deprive the defendants of a fair trial."

38.    <u>People v. Nelu, 157 A.D.2d 864 (N.Y. App. Div. 2d Dep't 1990)</u>

"We also note with disapproval those remarks made by the prosecutor in her summation which concerned the notice of alibi."

39.    <u>People v. Parker</u>, 178 A.D.2d 665 (N.Y. App. Div. 2d Dep't 1991)

"Reversal is additionally warranted based on numerous instances of prosecutorial misconduct consisting primarily of various comments made in summation which did not stay within the "four corners of the evidence"."

40.    <u>People v. Wilkens, 177 A.D.2d 678, 679 (N.Y. App. Div. 2d Dep't 1991)</u>

"and here that error was compounded when, on summation, the prosecutor emphasized the testimony elicited from the defendant in contravention of the Sandoval ruling. The prosecutor also acted improperly by suggesting that the defendant had tailored his defense after reviewing the transcript of certain taped statements he made to the police."

41.    <u>People v. Stevens, 174 A.D.2d 640 (N.Y. App. Div. 2d Dep't 1991)</u>

"Moreover, the prejudice to the defendant was exacerbated by the prosecutor's comment on summation that "if this defendant wasn't charged with sodomy * * * he should have been". Although this comment was based upon medical evidence which indicated that anal slides taken from the complainant had tested positive for the presence of spermatoza, the complainant did not testify that an act of sodomy

11

had occurred, and the defendant was indicated only upon charges of rape in the first degree and sexual abuse in the first degree. Accordingly, the prosecutor's attempt to "convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant [was] guilty of other crimes not in issue at trial" was improper."

42.    People v. Clarke, 173 A.D.2d 550, 551 (N.Y. App. Div. 2d Dep't 1991)

"While several of the prosecutor's comments exceeded the proper bounds of summation, we do not find that the prosecutor's summation, when viewed as a whole, deprived the defendant of a fair trial."

43.    People v. Sanchez, 188 A.D.2d 667 (N.Y. App. Div. 2d Dep't 1992)

"Although the prosecutor's summation comment implying that the defendant came to this country to sell drugs was better left unsaid, we find that it does not require reversal considering that the defense counsel in his summation introduced the topic by discussing the defendant's allegedly honest objectives in coming to this country."

44.    People v. Paulino, 187 A.D.2d 736 (N.Y. App. Div. 2d Dep't 1992)

"However, the prosecutor's comments which implied that the defendant was involved in a drug operation with his codefendant were improper, since such a conclusion was not fairly inferrable from the evidence.  These comments, however, did not constitute reversible error in light of the overwhelming evidence of the defendant's guilt."

45.    People v. Odle, 187 A.D.2d 536, 537 (N.Y. App. Div. 2d Dep't 1992)

"The prosecutor committed error during his summation when he made statements such as "all these people with drug problems just happened to be people that surround [the defendant]", and when he stated that the defendant had enlisted his nephew as "one of his drug dealers", implying that the defendant had several drug dealers working for him. This went far beyond the permissible bounds of summation."

46.    People v. Nieves, 186 A.D.2d 276, 280 (N.Y. App. Div. 2d Dep't 1992)

"Accordingly, because there was no evidence to link this assault with any alleged psychological disturbance, and because this line of inquiry and the subsequent rhetoric in the People's summation only bolstered this improper line of reasoning, we find that the defendant is entitled to a new trial."

47.    People v. Singh, 186 A.D.2d 285, 288 (N.Y. App. Div. 2d Dep't 1992)

"Since the prosecutor used the letter extensively during her cross-examination of the defendant as well as on summation, the error can hardly be considered harmless. In our view, the only purpose the letter served was to inflame the jury against the defendant."

48.    People v. Andre, 185 A.D.2d 276, 278 (N.Y. App. Div. 2d Dep't 1992)

"During summation the prosecutor repeatedly referred to the key People's witness as a "brave young girl" and asked the jury not "to let her down". These comments were inflammatory and improperly appealed to the sympathy of the jury."

49.    People v. James, 184 A.D.2d 582 (N.Y. App. Div. 2d Dep't 1992)

"Finally, we find that the prosecutor's summation remarks and the unfortunate remarks uttered in the course of the court's charge exacerbated the error. In sum, the volume and repetition of the evidence pertaining to the defendant's previous commission of a narcotics offense operated to emphasize the defendant's propensity for this type of crime, thereby depriving him of a fair trial."

50.    People v. Figueroa, 181 A.D.2d 690, 692 (N.Y. App. Div. 2d Dep't 1992)

"Finally, the prosecutor's summation went well beyond the bounds of fair advocacy by frequently characterizing the alibi witness as untruthful, by suggesting that the defendant was selling drugs on January 19, 1989, the night of his arrest, and by suggesting that the alibi was concocted after the witness met with defense counsel. We find that the cumulative prejudicial effect of the prosecutor's improper conduct warrants a new trial."

51.   People v. Bradley, 199 A.D.2d 327 (N.Y. App. Div. 2d Dep't 1993)

"While some of the prosecutor's comments would have been better left unsaid, they do not warrant reversal."

52.   People v. Hill, 193 A.D.2d 619, 620 (N.Y. App. Div. 2d Dep't 1993)

"During summation, the prosecutor persisted in this improper conduct. He made numerous comments regarding the defendant's status as a drug dealer, which went well beyond any impeachment of the defendant's credibility. For example, he argued that the defendant "loads that crack into vials, he can probably do it real fast by now", and that "he got out [of jail] and starts selling crack right where he was before. Here a vial, there a vial, everywhere a vial, vial". The prosecutor went on to ask, "Why do people rob people? Because they get money for their personal gain and it doesn't matter who they hurt. Is there any profile that fits anybody-- [other] than Mr. Hill"."

"The prosecutor also argued in summation that one of the defendant's witnesses, who had testified that she had seen the defendant driving the complainant's car more than one week before the alleged robbery, was not worthy of belief because she had not come forward sooner. However, the prosecutor failed to lay a proper foundation during the course of the trial for such an attack, for he failed to establish either that the witness had reason to recognize that she possessed exculpatory information, or that she was familiar with the means to make that information available to law enforcement authorities."

"While not all of these errors were objected to at trial, we nevertheless feel compelled, under the circumstances of this case, to reach them in the exercise of our interest of justice jurisdiction."

53.   People v. Robinson, 191 A.D.2d 595 (N.Y. App. Div. 2d Dep't 1993)

"Besides those remarks already noted, additional improper and prejudicial remarks by the prosecutor, especially in closing argument, contributed to the unfairness of the defendant's trial. Among these remarks were references to the defense counsel's closing statement as a "con job", warnings that the defendant would attempt to "dupe" the jury, repeated vouching for the complainant's truthfulness, and derisive comments concerning the defendant's right to remain silent and the

presumption of innocence."

54.  <u>People v. Elder</u>, 207 A.D.2d 498, 499 (N.Y. App. Div. 2d Dep't 1994)

"On appeal, the defendant contends that he was deprived of a fair trial by several improper comments that were made by the prosecutor during her summation. We agree. In view of the prosecutor's comments regarding two defense witnesses and a prosecution witness, we conclude that the prosecutor did not stay within "the four corners of the evidence".  Because the instances of prosecutorial misconduct were flagrant and closely related to the credibility issues presented at trial, they substantially prejudiced defendant's case."

55.  <u>People v. Russo</u>, 201 A.D.2d 512, 513 (N.Y. App. Div. 2d Dep't 1994)

"The other comments were not so prejudicial as to warrant a reversal of the conviction, especially in light of the overwhelming evidence against the defendant."

56.  <u>People v. Fearnot</u>, 200 A.D.2d 583, 584-585 (N.Y. App. Div. 2d Dep't 1994)

"Although not dispositive of this appeal, we note that the prosecutor in his summation, without evidentiary support, inter alia, suggested that the defendant was a prostitute. He also made seemingly random comments about people who sell sex for crack and the AIDS epidemic. The prosecutor's comments went beyond the permissible bounds of broad rhetorical comment and should not be repeated at the new trial."

57.  <u>People v. Ferrara</u>, 220 A.D.2d 612, 613 (N.Y. App. Div. 2d Dep't 1995)

"We also agree with the defendant's contention that the prosecutor committed several instances of misconduct during the course of his summation by commenting, without first laying an adequate foundation during cross-examination, on a defense witness's failure to provide the police with information, suggesting that the jury was precluded from hearing certain testimony due to the defense counsel's objections and telling the jury that this was a simple case which could take only 10 to 15 minutes to decide. However, most of the defense counsel's objections to the prosecutor's summation were sustained, and curative instructions

were given, which served to ameliorate any prejudice that the prosecutor's conduct may have engendered."

58.    <u>People v. Spinelli</u>, 214 A.D.2d 135, 136 (N.Y. App. Div. 2d Dep't 1995)

"The defendant testified at trial to certain exculpatory facts which he had omitted from his statements to the police at the scene of the crime. The issue presented on appeal is whether it was permissible for the prosecutor to argue in summation that such omissions rendered the defendant's testimony unworthy of belief. We conclude that, since the prosecutor failed to cross-examine the defendant about the omissions, his comments during summation upon the defendant's pretrial silence were unduly prejudicial and deprived him of a fair trial."

59.    <u>People v. James,</u> 218 A.D.2d 709, 710 (N.Y. App. Div. 2d Dep't 1995)

"Since a new trial must be held, we take this opportunity to point out some unacceptable practices engaged in by the prosecutor at trial. Chief among these was the prosecutor's repeated suggestions during cross-examination and summation argument that either the complainant was correct in his identification of the defendant as one of the perpetrators, or he was lying. This tactic has been repeatedly condemned by this Court."

60.    <u>People v. Scott,</u> 217 A.D.2d 564, 565 (App. Div. 2d Dept. 1995)

"The defendant testified on his own behalf and admitted to a prior felony conviction. During his summation, the prosecutor repeatedly referred to the defendant as a convicted felon. Contrary to the People's contentions, the references were not a fair comment on the evidence. The statements, often made after objections were sustained, served instead to urge the jury to convict the defendant because he had a criminal propensity. Furthermore, the prosecutor denigrated the defendant by referring to his testimony as "an insult to one's intelligence", stating to the jurors that he could not be trusted to even "take [their] garbage cans from the driveway to the curb", and asking the jurors if the defendant thought they just "fell off the stupid truck". These comments by the prosecutor substantially prejudiced the defendant. The prosecutor also attempted during his summation to improperly shift the burden of proof."

61.　<u>People v. Leuthner</u>, 216 A.D.2d 327, 328 (N.Y. App. Div. 2d Dep't 1995)

"Over defense counsel's objections, the prosecutor, inter alia, asked the defendant if the complainant was lying, cross-examined the defendant's character witness about her personal knowledge of the facts underlying the defendant's previous conviction,  and failed to establish a good-faith basis for his questions concerning an alleged threat made by the defendant's father. In addition, the prosecutor, in his summation, failed to stay within " 'the four corners of the evidence' ". Since the cumulative effect of these errors deprived the defendant of a fair trial, he is entitled to a new trial."

62.　<u>People v. Holland,</u> 215 A.D.2d 777 (N.Y. App. Div. 2d Dep't 1995)

"Although some of the prosecutor's comments may have been better left unsaid, any error was harmless in light of the overwhelming evidence of the defendant's guilt."

63.　<u>People v. Moss,</u> 215 A.D.2d 594, 594-595 (N.Y. App. Div. 2d Dep't 1995)

"Further, we find that the prosecutor's conduct in this case was so prejudicial that it deprived the defendant of a fair trial. The prosecutor's numerous references to the defendant as a violent person, his questions during cross-examination of the defendant that were calculated to culminate in a comparison between the defendant and the character "Hannibal Lecter" in the film "Silence of the Lambs",  his questions and comments during summation which invited the jurors to place themselves in the position of victims being threatened by the defendant, and the prosecutor's waving of a knife in front of the jury during summation could only have been intended to inflame the passions of the jury. In addition, the prosecutor disregarded the court's Sandoval ruling in cross-examining the defendant.  While any one of these instances of misconduct alone would not have warranted reversal, the cumulative effect denied the defendant a fair trial. To the extent that some of those claims of misconduct are unpreserved for appellate review, we have reviewed them in the exercise of our interest of justice jurisdiction."

64.　<u>People v. Giersz</u>, 212 A.D.2d 805, 806 (N.Y. App. Div. 2d Dep't 1995)

"We find, however, that he is entitled to a new trial because the prosecutor's summation exceeded the broad bounds of rhetorical comment permissible in

closing arguments. The erroneous comments by the prosecutor cannot be considered harmless as the proof of the defendant's guilt was not overwhelming, particularly with respect to the charge of burglary in the third degree."

65.  People v. Montesa, 211 A.D.2d 648, 649 (N.Y. App. Div. 2d Dep't 1995)

"We find, however, that this testimony, combined with the hearsay testimony of Dr. Cicatello and the prosecutor's summation remarks, deprived the defendant of a fair trial."

66.  People v. Clausell, 223 A.D.2d 598, 599 (N.Y. App. Div. 2d Dep't 1996)

"In any event, while the prosecutor's characterization of the defendant and the codefendant as "drug dealers" and her suggestion that they "had to keep their customers satisfied", thus implying an ongoing operation, were inappropriate comments, these errors were harmless in light of the overwhelming evidence of the defendant's guilt."

67.  People v. Hinton, 233 A.D.2d 464 (N.Y. App. Div. 2d Dep't 1996)

"While some of the alleged errors which are preserved for appellate review pertain to comments which would have been better left unsaid, reversal is not warranted under the circumstances of this case."

68.  People v. Wheeler, 231 A.D.2d 595 (N.Y. App. Div. 2d Dep't 1996)

"In any event, while some of the prosecutor's comments were improper, they do not warrant reversal in light of the overwhelming evidence of the defendant's guilt."

69.  People v. Rankine, 229 A.D.2d 453 (N.Y. App. Div. 2d Dep't 1996)

"In any event, although certain comments made by the prosecutor were better left unsaid, none of the comments, either alone or in the aggregate, warrant reversal of the defendant's conviction."

70.  People v. Torres, 223 A.D.2d 741, 742 (N.Y. App. Div. 2d Dep't 1996)

"However, several remarks made by the prosecutor during summation, which exceeded the bounds of proper advocacy and improperly shifted the burden of proof, deprived the defendant of his right to a fair trial. The prosecutor's personal attacks on the defense counsel were improper. Moreover, the prosecutor's statements that there was no evidence in the case to indicate that the defendant was elsewhere on the date of the incident and "no other evidence that he was anywhere else except where [the complainant] says he was, robbing her" improperly focused on the defendant's failure to testify and suggested that the defendant had an obligation to come forward with evidence explaining his whereabouts."

71.    People v. Brown, 223 A.D.2d 597, 597-598 (N.Y. App. Div. 2d Dep't 1996)

"In any event, while the prosecutor's characterization of the defendant and the codefendant as "drug dealers" and her suggestion that they had to "keep their customers satisfied", thus implying an ongoing operation, were inappropriate comments, these errors were harmless in light of the overwhelming evidence of the defendant's guilt."

72.    People v. LoRusso, 245 A.D.2d 306, 307 (N.Y. App. Div. 2d Dep't 1997)

"In any event, while some of the comments would have been better left unsaid, they were nevertheless harmless."

73.    People v. Diaz, 239 A.D.2d 518, 519 (N.Y. App. Div. 2d Dep't 1997)

"Although the prosecutor's comments were improper, the trial court's immediate curative instructions were sufficient to dispel whatever prejudicial effect those comments may have had on the jury. Moreover, in light of the overwhelming evidence of the defendant's guilt, there is no significant probability that the defendant would have been acquitted if the remarks had not been made. Therefore, the error in the prosecution's summation was harmless."

74.    People v. Kourani, 256 A.D.2d 620 (N.Y. App. Div. 2d Dep't 1998)

"In addition to the foregoing, the defendant was prejudiced by numerous instances

of misconduct on the part of the prosecutor. Among other things, the prosecutor mischaracterized Ibrahim's hearing testimony during her cross-examination of him at trial; proposed to the jury on summation that the defendant had summoned a get-away taxi by means of a cellular phone, of which there was no evidence in the record; and suggested to the jury that it was obliged to find that the defendant had been properly given his Miranda warnings prior to giving his statement because the Judge had already determined that issue at a hearing."

75.   <u>People v. Anderson</u>, 256 A.D.2d 413, 414 (N.Y. App. Div. 2d Dep't 1998)

"During summations, the prosecutor exploited the ruling and capitalized upon it by arguing improperly to the jury that the defendant had not told the police that at the time in question he was with Cheryl. Because the prosecutor misled the jury by pointing to the absence of evidence that he knew existed, reversal is warranted."

76.   <u>People v. Brown,</u> 256 A.D.2d 414, 416 (N.Y. App. Div. 2d Dep't 1998)

"Were we not reversing on the ground that the police lacked probable cause to arrest the defendant, we would reverse on the ground that the prosecution's conduct during summation was improper and prejudicial to the defendant. The prosecutor's comment on the defendant's failure to testify, as well as his misstatements concerning the evidence and references to matters not in evidence, were improper and denied the defendant a fair trial."

77.   <u>People v. Martinez, 253 A.D.2d 775, 776 (N.Y. App. Div. 2d Dep't 1998)</u>

"The inflammatory nature of this error was compounded by the fact that the People referred to the racial epithet during summation in an attempt to explain the defendant's alleged motive to the jury."

"Moreover, evidence of an uncharged crime alleged to have been committed by the defendant was improperly introduced into evidence without a prior ruling of the court considering the evidence to be proffered and weighing its probative value against the potential for prejudice."

78.   <u>People v. Walters,</u> 251 A.D.2d 433, 434-435 (N.Y. App. Div. 2d Dep't 1998)

"However, the prosecutor exceeded the boundaries of appropriate advocacy. Defense counsel objected to many of the prosecutor's improper summation comments and moved for a mistrial both during and after the prosecutor's summation. To the extent that the defendant's objections to some of the improper summation comments were not properly preserved for appellate review, we pass upon them under our authority to do so in the interest of justice."

"It was improper for the prosecutor to persist in making purposefully inflammatory remarks designed to appeal to the jury's sympathy. The prosecutor's remarks during his summation, inter alia, that the victim was left "on the street to die, to die like a dog", and that but for the crime, "was probably going to be a brilliant artist", and his invitations to "imagine what a shock it was to [the victim's wife], who's eight months pregnant", were unnecessary and improper."

"The prosecutor also improperly shifted the burden of proof to the defendant when, during his summation, he asked the jury, rhetorically, "did [the defendant] call any additional witnesses?", and then supplied the answer, "no". Similarly, it was improper to tell the jury that "the only real evidence is the People's evidence". The prosecutor's accusation, also during summation, that the defendant tailored his own testimony after he heard the testimony of prosecution witnesses, was likewise improper."

"The prosecutor in his summation improperly described the defendant's testimony as "continued lies on top of lies, on top of lies", and "tales and lies, back and forth, back and forth". Furthermore, the prosecutor gave his own opinion regarding the truth and falsity of witnesses' testimony, and vouched for the victim's credibility."

"Most egregious was the prosecutor's insinuation that the gun which had been recovered from the defendant two weeks after the crime in an unrelated arrest, may have been the gun which was used to shoot the victim. He persisted with this implication despite his knowledge that the ballistics test performed by police conclusively established that the gun had not been used in the crime. The prosecutor's conduct in advocating a position which he knew to be false was an abrogation of his responsibility as a prosecutor."

79.  <u>People v. Irby</u>, 250 A.D.2d 778, 779 (N.Y. App. Div. 2d Dep't 1998)

"While the prosecutor's comments were improper, the court sustained the defense

objections, provided a prompt curative instruction to the jury, and granted the defense application for a missing-witness charge. Under the circumstances, there was no reasonable possibility that the prosecutor's comments affected the verdict."

80.  People v. Ellis, 247 A.D.2d 404, 404-405 (N.Y. App. Div. 2d Dep't 1998)

"While some of the prosecutor's comments during summation were better left unsaid, given the Judge's prompt curative  instructions and the overwhelming evidence of the defendant's guilt, they do not warrant reversal."

81.  People v. Lippolis, 246 A.D.2d 557 (N.Y. App. Div. 2d Dep't 1998)

"During the prosecutor's summation, he again referred to the defendant's silence upon being arrested. Such references to the defendant's post-arrest silence are clearly improper."

82.  People v. Valdez, 262 A.D.2d 338, 339 (N.Y. App. Div. 2d Dep't 1999)

"We agree that the prosecutor made an improper comment to the jury during his summation when he stated that the defendant had a "constitutional right to sit there and make us [the People] prove it". However, the comment is harmless error in this case because the evidence of guilt was overwhelming and the comment did not deprive the defendant of a fair trial."

83.  People v. Alfaro, 260 A.D.2d 495, 496-497 (N.Y. App. Div. 2d Dep't 1999)

"We take this opportunity to address the clear impropriety of certain comments in the prosecutor's summation. The prosecutor repeatedly stated that the presumption of innocence was "gone" or "vanquished". The prosecutor further noted that the court would instruct the jury that the defendant had a "lot of rights", including the presumption of innocence, but the jury should consider the victim's rights. He asked the jury to infer guilt from the fact that the defendant had a lawyer at the time he surrendered to police . . . denigrated the defense, and implied that the defendant's guilt could be inferred from his mere presence at the scene."

84.   <u>People v. Robinson</u>, 260 A.D.2d 508, 510 (N.Y. App. Div. 2d Dep't 1999)

"While we recognize that counsel is to be afforded wide latitude in making a closing argument, "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his command" .... Here, in his zeal to convict, the prosecutor apparently lost sight of the fact that his mission is " 'not so much to convict as it is to achieve a just result' ". . . Accordingly, since we cannot say that the proof of guilt in this one-witness identification case was overwhelming, a new trial is required."

85.   <u>People v. Rivera,</u> 259 A.D.2d 570 (N.Y. App. Div. 2d Dep't 1999)

We deplore the continuous failure of the Assistant District Attorney to follow the admonitions of the trial court regarding his improper summation comments. However, in view of the overwhelming evidence of the defendant's guilt and the court's curative instructions, reversal is not warranted."

86.   <u>People v. Younger</u>, 258 A.D.2d 679 (N.Y. App. Div. 2d Dep't 1999)

"The prosecutor's comments on summation did not constitute reversible error as the challenged comments were either fair comment, fair response, or were harmless in light of the strength of the evidence against the defendant."

87.   <u>People v. Harrell</u>, 270 A.D.2d 358 (N.Y. App. Div. 2d Dept. 2000)
"Although some portions of the prosecutor's summation may have been improper, given the overwhelming proof of guilt, any error was harmless."

88.   <u>People v. Seda</u>, 276 A.D. 2d 650, 651 (N.Y.Spp. Div. 2d Dept. 2000)

"In any event, while we agree that some of the challenged comments were improper, reversal is not warranted in light of the overwhelming evidence of the defendant's guilt.

89.   <u>People v. Washington</u>, 278 A.D. 2d 517, 518 (N.Y. App. Div. 2d Dept. 2000)

"We note that on summation, the prosecutor argued that the defendant's testimony was "a lie" and "a pile of crock," and was "fabricate(d)" after having had "the

23

benefit of counsel," and that the defense theory of the case was "patently absurd" and that the jury should not be "fooled" by it.   These remarks were improper and should not be repeated."

90.   People v. Sanders, 280 A.D.2d 560, 560-561 (N.Y.App. Div. 2d Dept. 2001)

"While some of the prosecutor's summation comments may have been improper, any error was harmless in view of the overwhelming evidence of the defendant's guilt.

91.   People v. Smith. 288 A.D.2d 496, 497 (N.Y. App. Div. 2d Dept. 2001)

"While no single remark was so outrageous as to warrant a new trial, their cumulative effect served to deprive the defendant of his right to a fair trial (see People v. Calabria, 94 N.Y.2d 519).  Since the evidence in this one-witness identification case was not overwhelming, we cannot deem this harmless error, and a new trial is required."

92.   People v. Taylor, 296 A.D. 2d 512 (2d Dept. 2002)

"Here, the challenged remarks made by the prosecution during summation constituted reversible error, as the remarks exceeded the "broad bounds of rhetorical comment permissible in closing argument"   . ..  to the extent that the prosecution distorted the facts in evidence and made comments which were either inflammatory, speculative, or concerned matters not in evidence "

93.    People v. Hymes, 296 A.D.2d 467, 468 (N.Y. App. Div. 2d Dep't 2002)

"Although some of the comments were improper, in view of the overwhelming evidence of the defendant's guilt, any error was harmless"

94.   People v. Ramashwar, 299 A.D.2d 496, 497 (N.Y. App. Div. 2d Dep't 2002)

 "Moreover, it was improper for the prosecutor to comment upon those inconsistencies in summation . . thus putting the prosecutor's credibility in issue for the jury's consideration and evaluation."

95.   People v. Singh, 299 A.D.2d 498, 499 (N.Y. App. Div. 2d Dep't 2002)

"Any errors regarding the prosecutor's cross-examination of defense witnesses or

24

on summation were harmless in light of the overwhelming evidence of the defendant's guilt."

96.  <u>People v. Bhupsingh</u>, 297 A.D.2d 386, 388 (N.Y. App. Div. 2d Dep't 2002) "In her summation, the prosecutor made numerous prejudicial and inflammatory comments. Although prohibited from appealing to the sympathy of the jury . . . the prosecutor argued improperly that the victim had testified, seeking "a little bit of justice." She continued to the jury, "you can't make it better. You can't erase it like it never happened. But she can get the knowledge that what he did to her that night he didn't get away with. He didn't totally get away with it." Further, the prosecutor made several improper comments which denigrated both the defense counsel and the defense . . . We would remind prosecutors that "they are something more than mere advocates or partisans and that they represent the People and the People's justice in presenting proof"

In light of our determination to reverse the judgment, we have not considered the defendant's other contentions."

97.  <u>People v. Roll</u>, 1 A.D.3d 617, 618 (N.Y. App. Div. 2d Dep't 2003)

"The County Court also failed to specifically instruct the jury to ignore the prosecutor's factually inaccurate statement during her summation that the prostitute had been arrested by the detective. This challenged remark exceeded the "broad bounds of rhetorical comment permissible in closing argument"

98.  <u>People v. Milligan</u>, 309 A.D.2d 950, 951 (N.Y. App. Div. 2d Dep't 2003)

"Finally, certain statements made by the prosecutor during summation constituted improper vouching for prosecution witnesses . . . Under the circumstances, and in light of the absence of overwhelming evidence of guilt, . . . we conclude that the defendant is entitled to a new trial."

99.  <u>People v. Affser</u>, 309 A.D.2d 812, 813 (N.Y. App. Div. 2d Dep't 2003)

"In any event, while a few of the prosecutor's questions, remarks, and comments were improper, the prosecutor's conduct does not require reversal..."

100.  <u>People v. Ivory</u>, 307 A.D.2d 1000, 1001 (N.Y. App. Div. 2d Dep't 2003)

"With respect to the remaining challenged remarks, the court's instructions to the

jury served to ameliorate any prejudice that the prosecutor's conduct may have engendered . . . Moreover, the challenged remarks, both individually and cumulatively, constituted harmless error in light of the overwhelming proof of the defendant's guilt.  Thus, reversal is not warranted."

101.    People v. Shelton, 307 A.D.2d 370, 372 (N.Y. App. Div. 2d Dep't 2003)

"While we agree that some of the prosecutor's remarks would have been better left unsaid, these comments were not so pervasive as to warrant reversal."

102.    People v. Billups, 307 A.D.2d 323 (N.Y. App. Div. 2d Dep't 2003)

"While the prosecutor improperly implied during her summation that the defendant should have called someone named "Jimmy" as a witness, such error does not warrant reversal under the circumstances of this case."

103.    People v. Jamal, 307 A.D.2d 267, 268 (N.Y. App. Div. 2d Dep't 2003)

"Finally, the prosecutor referred to the People's evidence as "undisputed," and "[u]ncontroverted," stated that the defendant had "no explanation," "no rational defense," rhetorically asked "[w]hat is the defense, ladies and gentlemen?" and stated that the "People have given you the evidence in this case." These statements were thinly "veiled and improper reference[s] to the defendant's failure to testify, which improperly shifted the burden of proof [to the defendant]" . . . Considering the prosecutor's improper summation comments cumulatively, we agree with the defendant that a new trial is required."

104.    People v. Thomas, 8 A.D.3d 303 (N.Y. App. Div. 2d Dep't 2004)

"The defendants' claim that the trial court should have set aside the verdict on the alternative ground of prosecutorial misconduct during summation is without merit. Their objections were sustained and prompt curative instructions were given which removed any possible prejudice to the defendants . . . Accordingly, the improper conduct of the prosecutor did not warrant the granting of the motion."

105.    People v. White, 5 A.D. 3d 511, 511-512 (2d Dept. 2004)

"With respect to the remaining challenged remarks, the trial court's immediate admonitions served to ameliorate any prejudicial effect that may have resulted.. .

Moreover, the challenged remarks, both individually and cumulatively, constituted harmless error in light of the overwhelming evidence of the defendant's guilt."

106. <u>People v. Algarin</u>, 15 A.D.3d 411, 412 (N.Y. App. Div. 2d Dep't 2005)

"In any event, while we agree that certain summation comments were improper, . . . the errors were harmless in light of the overwhelming evidence of the defendant's guilt."

107. <u>People v. Brown</u>, 2006 NY Slip Op 5028, 2 (N.Y. App. Div. 2d Dep't 2006)

"Furthermore, reversal of the judgment would independently have been warranted as a matter of discretion in the interest of justice based on repeated instances of prosecutorial misconduct during the cross-examination of a defense witness and upon summation. The cumulative effect of this misconduct, which included the prosecutor presenting himself as an unsworn witness at the trial, suggesting that the defense counsel did not believe his own client, making public safety arguments, and implying that certain key evidence had been kept from the jury due to legal technicalities, deprived the defendant of his right to a fair trial"

108. <u>People v. Philips</u>, 2006 NY Slip Op 5039, 2 (N.Y. App. Div. 2d Dep't 2006)

"The comments that were arguably improper do not, in any event, require reversal"

109. <u>People v. Thomas</u>, 2007 NY Slip Op 9808 1 (2d Dept. 2007)

"While we agree that some of the prosecutor's comments were improper, they constituted harmless error."

110. <u>People v. Morris</u>, 2007 NY Slip Op 549, 1 (N.Y. App. Div. 2d Dep't 2007)

"In light of the overwhelming evidence of the defendant's guilt, the prosecutor's comments in summation, to which objection was made and overruled, constitute harmless error and thus do not warrant reversal."

111. <u>People v. Dorgan</u>, 2007 NY Slip Op 6119, 1 (N.Y. App. Div. 2d Dep't 2007)

"To the extent that some of the prosecutor's remarks were improper, reversal is not warranted in light of the overwhelming evidence of the defendant's guilt."

112.    <u>People v. Bennett</u>, 2007 NY Slip Op 3937, 2 (N.Y. App. Div. 2d Dep't 2007)

"We agree with the defendant that the prosecutor's conduct deprived him of his right to a fair trial. Put simply, the prosecutor ambushed the defense by his deception regarding his intention to call Rickey Davis as a witness and withholding of the Rosario material pertaining to Davis, by his last-minute presentation of Davis's testimony regarding the victim's excited utterance when the police had not yet arrived and the victim's statement to the police as well, and by his capitalizing on these unfair tactics in summation. These tactics led to and then undermined the defense theory that the police had been the only ones to hear the victim's accusation against the defendant and had conformed their testimony to assure its admissibility. Because the instances of prosecutorial misconduct were flagrant and the evidence of guilt was not overwhelming, we reverse the conviction and order a new trial."

113.    <u>People v. Rice</u>, 2007 NY Slip Op 556, 1 (N.Y. App. Div. 2d Dep't 2007)

"In light of the overwhelming evidence of the defendant's guilt, the prosecutor's comments in summation, to which objection was made and overruled, constitute harmless error and thus do not warrant reversal."

114.    <u>People v. Morris,</u> 2008 NY Slip Op 9626, 1 (N.Y. App. Div. 2d Dep't 2008)

"To the extent that the prosecutor made improper remarks during summation, the error was harmless.'"

115.    <u>People v. Morinville,</u> 2008 NY Slip Op 1175, 1 (2d Dept. 2008)

"In any event, although some of the prosecutor's remarks clearly were improper, they did not deprive the defendant of his right to a fair trial."

116.    <u>People v. Gordon</u>, 2008 NY Slip Op 3241, 1 (N.Y. App. Div. 2d Dep't 2008)

"We agree with the defendant that certain comments made by the prosecutor during summation exceeded the "broad bounds of rhetorical comment permissible in closing argument", . . .and the "cumulative effect of such conduct substantially prejudiced" his right to a fair trial."

117.  People v. Johnson, 2008 NY Slip Op 1969, 1 (N.Y. App. Div. 2d Dep't 2008)

"The defendant's challenges to certain remarks of the prosecutor in his opening and closing statements, as well as his elicitation of specified testimony from two witnesses, are also unpreserved for appellate review . . . . In any event, while some of the prosecutor's remarks and elicited testimony which are challenged on appeal were improperly inflammatory, they were not individually or cumulatively so prejudicial as to warrant reversal . . . Moreover, contrary to the defendant's contention, he was not denied meaningful representation based solely on his trial attorney's failure to object to the challenged remarks and elicited testimony."

118.  People v. Philbert, 2009 NY Slip Op 1676, 1 (N.Y. App. Div. 2d Dep't 2009)

"Although some of the remarks were improper, they were not so egregious as to deprive the defendant of a fair trial."

119.  People v. Diaz, 2009 NY Slip Op 703, 2 (N.Y. App. Div. 2d Dep't 2009)

"To the extent that any of the challenged summation comments were improper, they do not constitute grounds for reversal as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction

120.  People v. Sayers, 2009 NY Slip Op 5979, 3 (N.Y. App. Div. 2d Dep't 2009)

"The defendant's contentions that the prosecutor made improper comments in his opening and closing statements with respect to the evidence of uncharged crimes are largely unpreserved for appellate review . . . We nonetheless exercise our interest of justice jurisdiction to reach those contentions, and find that the prosecutor's comments in his opening statement that "the past demonstrates a pattern of behavior committed by these defendants," and in summation that "the past events show a pattern of behavior that you can decide whether or not the defendants committed a crime here," (emphasis added) when coupled with the court's improper instructions regarding propensity, and the lack of relevance of the vast majority of the past events to the defendant, were unduly prejudicial to her and deprived her of a fair trial. Thus, under the particular circumstances of this case, it cannot be said that the errors were harmless. Cumulatively, there was a significant probability that the errors contributed to the defendant's convictions."

121.  People v. Philbert, 2009 NY Slip Op 1676, 1 (N.Y. App. Div. 2d Dep't 2009)

"Although some of the remarks were improper, they were not so egregious as to deprive the defendant of a fair trial."

122.  <u>People v. Diaz</u>, 2009 NY Slip Op 703, 2 (N.Y. App. Div. 2d Dep't 2009)

"To the extent that any of the challenged summation comments were improper, they do not constitute grounds for reversal as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction."

123.  <u>People v. McDonald</u>, 2010 NY Slip Op 9153, 1 (N.Y. App. Div. 2d Dep't 2010)

"Moreover, although some of the challenged remarks improperly denigrated defense counsel. . .  they did not deprive the defendant of a fair trial."

124.  <u>People v. Evans</u>, 2010 NY Slip Op 8749, 1 (N.Y. App. Div. 2d Dep't 2010)

 "Further, while some of the contested summation remarks were improper, they were not sufficiently prejudicial to require reversal."

125.  <u>People v. Garcia-Villegas</u>, 2010 NY Slip Op 7957, 1 (N.Y. App. Div. 2d Dep't 2010)

"In any event, although several of the prosecutor's comments were better left unsaid, they did not, singly or in combination, deprive the defendant of a fair trial."

126.  <u>People v. Gega</u>, 2010 NY Slip Op 5582, 2 (N.Y. App. Div. 2d Dep't 2010)

"Although the prosecutor's reference to the terrorist attacks of September 11, 2001, should have been avoided, it was not so inflammatory or prejudicial as to warrant reversal."

127.  <u>People v. Agina</u>, 2010 NY Slip Op 4802, 2 (N.Y. App. Div. 2d Dep't 2010)

"Moreover, the prejudice to the defendant resulting from the admission of the prior crime testimony was exacerbated by the prosecutor's summation remarks highlighting the similarities between the two alleged assaults.

Accordingly, under the particular circumstances of this case, the defendant was

deprived of his right to a fair trial as a result of the Supreme Court's improper admission of evidence of a prior crime, and a new trial is necessary."

128.    <u>People v. Colletti</u>, 2010 NY Slip Op 4610, 3 (N.Y. App. Div. 2d Dep't 2010)

"Moreover, since the various offenses of which the defendant was convicted are factually intertwined with each other, and the references to organized crime and to the activities of various crime families pervade the record, reversal and a new trial as to all of the counts is appropriate."

129.    <u>People v. Bey</u>, 2010 NY Slip Op 2806, 2 (N.Y. App. Div. 2d Dep't 2010)

"To the extent that some of the remarks were improper, they did not warrant reversal."

130.    <u>People v. McDonald</u>, 2010 NY Slip Op 9153, 1 (N.Y. App. Div. 2d Dep't 2010)

"Moreover, although some of the challenged remarks improperly denigrated defense counsel . . . they did not deprive the defendant of a fair trial."

131.    <u>People v. Evans</u>, 2010 NY Slip Op 8749, 1 (N.Y. App. Div. 2d Dep't 2010)

"Further, while some of the contested summation remarks were improper, they were not sufficiently prejudicial to require reversal."

132.    <u>People v. Miller</u>, 2011 NY Slip Op 6573, 2 (N.Y. App. Div. 2d Dep't 2011)

"In addition, defense counsel failed to object to inflammatory comments made by the prosecutor in summation with regard to the testimony . . .
There is no legitimate trial strategy for defense counsel's failure to object to the prejudicial nature of the above-described testimony. Moreover, the inclusion of this testimony into the jury's calculus deprived the defendant of a fair trial by suggesting that he had a criminal propensity for committing crimes of sexual abuse against young children and distracting the jury from evaluating the evidence relating to the crimes charged. Thus, the effect of defense counsel's errors deprived the defendant of meaningful representation. Accordingly, the judgment must be reversed and a new trial ordered."

133.    <u>People v. Tucker</u>, 2011 NY Slip Op 6575, 3 (N.Y. App. Div. 2d Dep't 2011)

"Further, the error in cross-examination was compounded by the prosecutor's repeated reference to the defendant's post-arrest silence during summation, including her statement that "an innocent person when they're arrested for a crime they didn't commit and they know who did it will say [who] did it."

134.    <u>People v. Anderson</u>, 2011 NY Slip Op 3078, 2 (N.Y. App. Div. 2d Dep't 2011.

"Although the defendant's objections were not preserved for appellate review, we review them in the exercise of our interest of justice jurisdiction . . . and conclude that the cumulative effect of the prosecutor's misconduct during cross-examination and on summation deprived the defendant of a fair trial."

135.    <u>People v. Spann</u>, 2011 NY Slip Op 2041, 2 (N.Y. App. Div. 2d Dep't 2011)

"However, the cumulative effect of the prosecutor's improper comments during summation requires a new trial. While the defendant's claim regarding the comments made by the prosecutor during summation is partially unpreserved for appellate review, we nevertheless review it in the exercise of our interest of justice jurisdiction "

136.    <u>People v. Mohammed</u>, 2011 NY Slip Op 1504, 2 (N.Y. App. Div. 2d Dep't 2011)

"Further, the prosecutor made several improper remarks during summation. Although some of these errors are not preserved for appellate review, we review them in the exercise of our interest of justice jurisdiction . . . Although it is improper to appeal to the sympathy of the jury . . ., the prosecutor nonetheless stated that there were "100 Pakistani men who were supporters of the defendants," and that these men were "glaring" at the complainant while he gave his testimony; that the complainant was "taunted" and "mocked" by the three defense attorneys during cross-examination; and that the jury "saw what happened during cross-examination," specifically, that it "saw what [the complainant] went through on the witness stand . . . and I'm going to ask when you go back in the jury room to treat [the complainant] with dignity." The prosecutor's reference to her unsuccessful attempt to admit a detective's report into evidence also constituted an improper remark, as it implied that there was additional evidence supporting a verdict of guilt, despite the fact that this evidence was not admitted at trial."

137.    <u>People v. Gadsden</u>, 2011 NY Slip Op 1858, 1 (N.Y. App. Div. 2d Dep't 2011)

"The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review. . . . In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or fair response to defense counsel's summation . . To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, any error was harmless."