UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAREEM BELLAMY,

                Plaintiff,

        - v -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM ORDER**

CV-12-1025 (WFK)(VVP)

The plaintiff has moved [Dkt. Ent. 75] to compel the defendants to produce certain documents from the files of the Queens County District Attorney which have been itemized on a privilege log prepared by the defendants.[1] A number of the documents that were initially the subject of the motion were produced upon further review by the defendants' counsel. The documents that remain in dispute have been produced to the court for *in camera* review. Upon consideration of the arguments made by the parties and a review of the documents, the motion is granted in part and denied in part for the reasons below.[2]

Initially, the court rejects the plaintiff's argument that the work-product protection asserted by the Queens County District Attorney does not apply because they are not a party and because the rationale underlying the work product doctrine no longer exists with respect to the documents at issue. Although it is true that the District Attorney is not a named party, its work product may nevertheless be protected if it has interests that are likely to be affected in the litigation. *See, e.g., Jean v. City of New York*, No. CV-09-801, 2010 WL 148420, at *2 (E.D.N.Y. Jan. 12, 2010) (citing cases). Here, the conduct of the Queens District Attorney forms the basis of some of the claims for which the plaintiff seeks to hold the City of New

---

[1] The Queens County District Attorney is not a named defendant here, but the Office of Corporation Counsel is acting as their counsel in connection with the document production at issue.

[2] In addition to the moving papers filed by the parties, the court has reviewed a previous letter submitted by the plaintiff [63] and a subsequent letter submitted by the plaintiff [98] which provide factual context and specificity concerning the need for production of the documents under review.

York liable, and in that sense that office has the same interest as if they were a party in this case.

Moreover, the rationale for the work-product doctrine continues to exist with respect to the documents notwithstanding the fact that a further prosecution of the plaintiff cannot be maintained. The three purposes underlying the work-product doctrine, upon which the parties here agree, include (1) protecting an attorney's ability to formulate legal theories and prepare cases; (2) preventing opposing counsel from "free-loading" off an attorney's work; and (3) preventing interference with ongoing litigation. *See, e.g., Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *4 (S.D.N.Y. Sept. 14, 2006) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11, 516 (1947)). At a minimum the third purpose above remains alive because there is no statute of limitations on murder, the crime for which the plaintiff was convicted, and a prosecution of the participants in the murder (there were at least two) may yet be commenced if further information comes to light.

The court thus concludes that the Queens County District Attorney may continue to assert work-product protection for the documents at issue, and a review of the documents is therefore necessary to determine whether the plaintiff has established a sufficient need for any of the information in the documents and the inability to obtain the information without undue hardship. *See, e.g., In re Grand Jury Proceedings*, 219 F.3d 175, 190–91 (2d Cir. 2000); *Jean*, 2010 WL 148420, at *2. In conducting that review, the court is mindful that so-called "core" work product, consisting of the mental impressions, conclusions, opinions, and legal theories of an attorney, are entitled to a high degree of protection. *Jean*, 2010 WL 148420, at *2 (citing cases).

Upon review of the documents submitted by the defendant,[3] the court has reached the following conclusions. The documents bearing numbers 193, 195-198, and 202-205 are not work product because they were not prepared "because of the prospect of litigation."

---

[3] Documents identified by the following numbers on the privilege log were reviewed by the court: 33, 181, 347, 353, 355, 28-29, 89, 348, 350, 380-384, 386-387, 193, 195-198, 202-205, 53, 65, 10, 401-402, 429, 456-457, 477, 520, 565, 568

*United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice & Procedure § 2024, at 343 (1994)). Rather, they were prepared in order to respond to a Freedom of Information Law request. Those documents must therefore be produced. Information in certain of the remaining documents, as identified in the Appendix to this order, constitutes fact work-product for which the plaintiff has identified both a sufficient need and an inability to otherwise obtain, and the defendants are therefore required to produce the documents to the plaintiff, redacted to eliminate any information not identified in the Appendix. The balance of the documents need not be produced as they constitute either core work-product for which the plaintiff has not made a heightened showing of need, or factual work-product for which the plaintiff has no need because the facts are already available to him.

                                                        **SO ORDERED:**

                                        *Viktor V. Pohorelsky*
                                        VIKTOR V. POHORELSKY
                                        United States Magistrate Judge

Dated:    Brooklyn, New York
             May 22, 2015

# APPENDIX

The following documents are to be produced, redacted to provide the information described below:

| Doc. No. | Information To Be Disclosed |
|---|---|
| 355 | On the first page, the information at the top of the page beginning with "Homicide Arrest" through the words "old robbery out of Nassau County" |
| 380 | On the first page, the circled information on the upper right hand portion of the page to which the arrow leading from the circled star on the left part of the page is pointing; on the third page, all but the last line |
| 402 | The entire first page except for handwriting at the upper right, the NYCLIS #, the Comptroller's Case Number, and the Telephone Number; the entire second page; the first two lines of the third page |
| 456 | The entire first page except for handwriting at the upper right, the NYCLIS #, the Comptroller's Case Number, and the Telephone Number; the entire second page; the first two lines of the third page |