THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZACHARY W. CARTER
*Corporation Counsel*

MATTHEW J. MODAFFERI
*Senior Counsel*
Telephone: (212) 356-2331
Fax: (212) 356-3509
mmodaffe@law.nyc.gov

December 16, 2015

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kareem Bellamy v. City of New York, et al., 12-CV-1025 (AMD)(PK)

Your Honor:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the Defendants in the above-referenced matter. Defendants submit this letter motion in response to Plaintiff's Notice, dated December 11, 2015, concerning Monell depositions. For the reasons set forth herein, Defendants respectfully request a protective order directing Plaintiff to comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure. Not only will compliance with the Rule be procedurally correct, but, if granted, Defendants' request will also in turn limit the number, expense and time of the Monell depositions.[1]

As a preliminary matter, the amendments to Rule 26(b)(1) allow discovery of any non-privileged matter that is relevant to any party's claim or defense and, as emphasized by the recent amendments to the Federal Rules, is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need

[1] Pursuant to Rule 26(c), the parties conferred in an attempt to avoid motion practice, unfortunately without any success.

to analyze proportionality before ordering production of relevant information. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Notes to 2015 Amendment.

On November 19, 2015, the parties appeared before Your Honor and discussed the remaining discovery in this matter. With respect to fact discovery, twelve depositions have been conducted. Plaintiff's counsel stated that all fact depositions were completed except for the possible deposition of non-party witness Terrell Lee. Defendants have also produced over 41,000 pages of documents during fact discovery. On December 11, 2015, Plaintiff served his Notice concerning Monell depositions.[2] (See Plaintiff's Notice, attached hereto as Exhibit A). In the Notice, Plaintiff sets forth the names of thirteen new witnesses he would like to depose. Plaintiff's request is procedurally infirm and also disproportional to his claims and the needs of the case.

**Plaintiff's Notice is Procedurally Deficient**

Rule 30(b)(6) of the Federal Rules of Civil Procedure "permits a party to depose an organization, including a governmental agency, by examining persons designated by the organization to testify on its behalf 'about information known or reasonably available to the organization.'" Jewels v. Casner, 12-cv-1895 (KAM)(VMS), 2015 U.S. Dist. LEXIS 156627, at *3 (E.D.N.Y. Nov. 19, 2015) (citation omitted). Once notice is given regarding the subject matters described by Plaintiff with reasonable particularity, the corporate entity itself designates the representative to testify on its behalf. Cummings v. GMC, 365 F.3d 944, 953 (10th Cir. 2004); see also DuBerry v. District of Columbia, 582 F. Supp. 2d 27, 35 n. 4 (D.D.C. 2008) (when a governmental entity like the D.C. Department of Corrections is named as a deponent, the governmental entity must designate one or more persons who consent to testify on its behalf).

The purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know. Alexander v. FBI, 186 F.R.D. 148, 152 (D.D.C. 1999). The designee's testimony represents the knowledge of the organization on the topic designated, not of the individual deponent. The Official Committee of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.), 376 B.R. 442, 455 (Bankr.S.D.N.Y. 2007) (citation omitted). In responding to a request for a Rule 30(b)(6) deponent, a corporation is not required to make available all individuals with knowledge of the topics at issue. Id. at 456, citing L-3 Comm. Corp. v. OSI Sys., 02 Civ. 9144, 2005 U.S. Dist. LEXIS 4935, at *3 (S.D.N.Y. Mar. 28. 2005). In preparation for the deposition, a Rule 30(b)(6) deponent must "educate himself as to the matters regarding the corporation" that are known or reasonably available to the corporation. In re Enron Creditors Recovery Corp., 376 B.R. at 456 (citation omitted). The logical conclusion from this premise is that it is expected that the witness will be provided with information both from records maintained by the entity and by others with knowledge of it. Id.

---

[2] Depositions of witnesses who can testify on behalf of the City with respect to Plaintiff's claim against the municipality pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

One of the ultimate underlying purposes of Rule 30(b)(6) is to prevent serial depositions of various witnesses without knowledge within an organization. Alexander, 186 F.R.D. at 152.

Rather than provide Defendants with a notice that "describes with reasonable particularity the matters for examination," Plaintiff lists thirteen witnesses (including numerous ADAs and two Criminal Court Judges) he unilaterally determined he would like to question regarding his claim against the City of New York. As set forth above, Plaintiff's method of seeking "serial depositions of various witnesses within an organization" is at odds with the spirit and purpose of Rule 30(b)(6). A municipal entity is not required to make available all individuals who may have some limited knowledge of the topic at issue. Here, Plaintiff's Monell claims are premised upon the alleged policies or practices of (1) disclosure of information concerning the Witness Protection Program and (2) an alleged failure to discipline Assistant District Attorneys for alleged sanctionable statements made in summations. Based on the claims asserted, there is absolutely no reason why two witnesses would not be sufficient to speak on behalf of the District Attorney's Office, one concerning the Witness Protection Program and the other on the alleged failure to discipline ADAs for statements made in summations. The thirteen witnesses, including ADAs, executives and Criminal Court Judges, is simply not the intended scope of Rule 30(b)(6).

Plaintiff's Notice of thirteen additional depositions becomes even more egregious and lacking in proportionality when considering the tenuous Monell claims asserted herein. For example, the assertion of a failure to discipline ADAs for misconduct during summations that somehow caused a violation of Plaintiff's constitutional rights lacks merit. Only two objections were made during the entirety of the prosecutor's summation in Plaintiff's criminal trial and no objections were sustained. Plaintiff's appeal of his conviction was not premised upon any alleged misconduct during the summation and the findings during the 440 hearings had nothing to do with alleged misconduct during the prosecution's summation. Plaintiff's claim concerning the Witness Protection Program that somehow caused a violation of his constitutional rights also lacks merit. During Plaintiff's criminal trial, the prosecutor affirmatively elicited testimony regarding expense money the relocated witness received and was promised up to that time.[3]

**Lack of Relevance and Proportionality**

Plaintiff requests the depositions of many witnesses that would be completely irrelevant as well. Assistant District Attorneys Brodt, Piplani and Kugler have nothing to do with Plaintiff's claims. ADA Kugler handled a FOIL request many years ago regarding the Witness Protection file for non-party witness Linda Sanchez. That file has been produced during discovery in this matter. ADAs Brodt and Piplani worked on Plaintiff's appeal and now Plaintiff wants to question them concerning the Witness Protection file that was allegedly produced *in camera* to Judge Joel Blumenfeld during the 440 hearing. Counsel wants to depose Judge Blumenfeld as well. Judge Blumenfeld was never employed by the District Attorney's Office nor would the judge's testimony have any bearing on any claim in this matter. ADA Brad

[3] Plaintiff threatened this witness on two separate occasions, prompting her relocation and protection.

Leventhal handled the 440 hearing. His deposition would be utterly useless here. ADA Debra Pomodore had nothing to do with the Bellamy prosecution, appeal or 440 hearing. She was an Assistant who handled the case of People v. Bedi, Ind. #4107/06, which Plaintiff claims is similar to this case.

Based on the claims set forth by Plaintiff in his Complaint, one designated 30(b)(6) witness should be sufficient to testify about the Witness Protection Program and one witness should be sufficient to testify about the discipline of ADAs vis-à-vis summations. Plaintiff's Notice is clear evidence of discovery overuse, precisely what the amendment to Rule 26 prohibits.[4]

If that were not enough, Plaintiff's Notice also seeks to depose many of the executives of the Queens District Attorney's Office, including the District Attorney himself. However, as a general rule high ranking government officials are not subject to depositions. Gil v. Cnty. of Suffolk, 06-CV-1683 (LDW)(ARL), 2007 U.S. Dist. LEXIS 50931, at *3 (E.D.N.Y. Jul. 13, 2007), citing Marisol A. by Forbes v. Giuliani, No. 95-CV-10533, 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y. Mar. 23, 1998); National Nutritional Foods Ass'n v. F.D.A., 491 F.2d 1141, 1144-46 (2d Cir.), cert. denied, 419 U.S. 874 (1974). "Where high ranking government officials lack personal knowledge of events they are granted limited immunity from being deposed in order to insure they have time to dedicate to the performance of their governmental functions." Gil, 2007 U.S. Dist. LEXIS 50931, at *3 (citations omitted). The policy surrounding this privilege is to allow the function and flow of government to proceed unabated. Id. (citations omitted). Plaintiff's Notice is contrary to case law and brings to the surface many of the issues that are to be cured by the new Rule 26.

At this juncture, Plaintiff's Notice is procedurally deficient and his requests are not proportional to his claims or the case in general. Defendants submit that Plaintiff can cure his deficiencies with proper notice concerning the subject matters upon which testimony is sought with reasonable particularity. Should that occur, Defendants can then appropriately designate the individuals who can provide testimony on behalf of the Queens District Attorney's Office.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/

Matthew J. Modafferi
*Senior Counsel*
Special Federal Litigation Division

---

[4] At best, these individuals are fact witnesses who Plaintiff could have sought to depose during the two years of fact discovery.

cc: Thomas Hoffman, Esq. (By ECF)
*Attorney for Plaintiff*

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

Kareem Bellamy

Plaintiff,

v.

City of New York,
John J. Gillen,
Michael F. Solomeno, et al.,

Defendants.

---------------------------------------------------------x

2012 CV 1025 ( AMD) (PK)

**Notice to Take Deposition Upon Oral Examination**

To The Defendant City of New York:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure the testimony upon oral examination of the following individuals on the day and time indicated:

| | | |
|---|---|---|
| Sharon Y. Brodt, Esq. | Jan. 6, 2016 | @ 9:00 a.m. |
| Ranjana C. Piplani, Esq. | Jan. 6, 2016 | @ 11:00 p.m. |
| Rona I. Kugler,Esq. | Jan. 6, 2016 | @ 1:30 p.m. |
| Hon. Joel L. Blumenfeld | Jan. 8, 2016 | @ 9:30 a.m. |
| Hon. Gregory L. Lasak | Jan. 8, 2016 | @ 11:00 a.m. |
| Brad A. Leventhal, Esq. | Jan 11, 2016 | @ 9:00 a.m. |
| Michael J. Mansfield | Jan 11, 2016 | @ 11:30 p.m. |
| Debra L. Pomodore, Esq. | Jan 14, 2016 | @ 9:00 a.m. |
| John M. Castellano, Esq. | Jan 15, 2016 | @ 9:00 a.m. |
| Daniel A. Saunders, Esq. | Jan 18, 2016 | @ 9:00 a.m. |
| Robert J. Masters | Jan 22, 2016 | @ 9:00 a.m. |
| John M. Ryan, Esq. | Jan. 26, 2016 | @ 9:00 a.m. |

Richard A. Brown, Esq. Jan. 29, 2016 @ 9:00 a.m.

c/o Matthew S. Modafferi, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, N.Y. 10007

in the above-entitled action will be taken before a Notary Public who is not an attorney for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein on at the Office of the Corporation Counsel, 100 Church Street, 6th Floor, New York, New York 10007 with respect to all evidence material and necessary in the prosecution and defense of this action and with further respect to any other relevant facts and circumstances in connection with the facts alleged in the pleadings.

PLEASE TAKE FURTHER NOTICE, that the parties to be examined are required, pursuant to Rule 30 of the Federal Rules of Civil Procedure to produce at the deposition hereof any and all documents relevant to the prosecution and defense of this action including any other relevant facts and circumstances in connection with the facts alleged in the pleadings.

Dated:

New York, NY
Dec. 11, 2015

Yours, etc.

**Law Offices of Thomas Hoffman, P.C.**

By: s/Thomas Hoffman
Thomas Hoffman
250 W. 57 St., Suite 901
NY, NY 10107
Attorneys for Plaintiff

To:
by electronic and regular mail
Matthew S. Modafferi, Esq.
Assistant Corporation Counsel