UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KAREEM BELLAMY,                                              :
                                                             :
                Plaintiff,                :
                                                             :                **ORDER**
        -against-                               :
                                                             :                12-CV-1025 (AMD)(PK)
CITY OF NEW YORK, et al.,                                    :
                                                             :
                Defendants.               :
                                                             :
                                                             :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Defendants have moved this Court for a protective order. Defendants object to plaintiff's intended depositions of eleven[1] individuals who plaintiff argues have information necessary to his Monell[2] claim against defendant City of New York. ECF No. 122. Defendants seek the protective order on the grounds that 1) plaintiff is required to seek these depositions pursuant to Federal Rule of Civil Procedure 30(b)(6), rather than noticing depositions pursuant to Federal Rule of Civil Procedure 30(a); 2) that the depositions plaintiff seeks are insufficiently relevant; and 3) that the requests for the depositions are disproportionately burdensome to defendants relative to plaintiff's claims and the needs of the case. Id.

      Defendants' motion is denied. The use of Rule 30(b)(6) is not mandatory. Instead, it is just one option available to the party seeking to depose an organization. See Fed. R. Civ. P. 30(b)(6), Advisory Comm. Notes (1970 Amendment) ("This procedure supplements the existing practice….The new procedure should be viewed as an added facility for discovery…."). See also

---

[1] Plaintiff initially noticed thirteen witnesses, but has deferred his requests for two of those depositions. See ECF Nos. 125, 135.
[2] See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Rinscott Corp. v. Fine Arts Funding Inc., No. 80-cv-6779 (RLC), 1981 U.S. Dist. LEXIS 15868, at *2-3 (S.D.N.Y. Nov. 17, 1981). Plaintiff's use of Rule 30(a) is proper.

Plaintiff also has established that the requested depositions are relevant and not overly prejudicial. Plaintiff has adequately explained the information he expects each noticed deponent to provide and its relevance to the Monell claims.

Finally, the depositions are not disproportionately burdensome. The Court has instructed plaintiff to convey to defendants before each deposition the topics to be covered, the cases to be discussed, and the documents to be used, thereby narrowing the scope of the depositions and ensuring that they are proportional to the needs of the case. Discovery in this case was bifurcated between the Monell and non-Monell claims, and these are the first depositions plaintiff is seeking on the Monell claims.[3] Further, the Court has instructed plaintiff to withdraw one deposition notice in order to bring the number of depositions down to ten. See Fed. R. Civ. P. 30(a).

Defendants have not established good cause for a protective order as required by Federal Rule of Civil Procedure 26(c)(1). Defendants' motion is denied.

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
February 18, 2016

---

[3] Because discovery was bifurcated, witnesses were not asked questions with regard to the Monell claims during the non-Monell phase of discovery.