**LAW OFFICES OF THOMAS HOFFMAN, P. C.**

37 Elaine Terrace, Yonkers, NY 10701 - (212) 581-1180

August 14, 2019

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman plaza East
Brooklyn, New York 11201

**Re: *Kareem Bellamy v. City of New* York et al., 12-CV-1025 (AMD) (PK)**

Your Honor:

I am an attorney for Plaintiff Kareem Bellamy. Plaintiff opposes Defendants' application to reopen underlying fact discovery to serve subpoenas upon the undersigned, Cravath, Swaine & Moore LLP, and two investigators during Mr. Bellamy's post-conviction proceedings, Edward Henson and Joseph O'Brien. The Defendants have not shown "good cause" to reopen the closed phase of discovery and the materials their subpoenas request are irrelevant to the issues that have survived summary judgment.

**Relevant Background**

During post-conviction proceedings, police informant Michael Green, after reporting that his close friend Levon Melvin confessed to the murder for which Bellamy was convicted, produced a false recording of "Melvin" confessing. When prosecutors discovered the tape fraud, they had Green arrested but offered him immunity if he cooperated. Green subsequently testified that he faked the tape to dupe Bellamy's counsel, the undersigned, into paying him thousands of dollars.[1] After a lengthy hearing, the state court affirmed the vacatur of Bellamy's conviction, finding that much of Green's recantation "turned out not to be truthful" and had been fabricated because Green "sensed that the prosecutors . . . wanted Bellamy's conviction reinstated." *People v. Bellamy*, 26 Misc. 3d 1210(A), 906 N.Y.S.2d 781, 2010 WL 143462, *4, 6, 6 n.43 (Sup. Ct. 2010), *aff'd*, 84 A.D.3d 1260 (2d Dep't 2011). The court noted that Green's "allegations about Hoffman and Cravath . . . have not been substantiated," *id.* at *5 n.39; *see id.* at *4 n.31. Despite Green's lack of credibility, the court credited his original confession report because it was corroborated, "unprompted and unpaid." *Id.* at *5-8.

---

[1] To put Defendants' allegations in context, Mr. Green is the only witness the Queens DA has managed to accuse the undersigned of making improper payments to in 4 highly contested post-conviction cases. The state court's first decision explains the unusual circumstances of the payments to Green, who was threatened. *See People v. Bellamy*, 872 N.Y.S.2d 692, 2008 WL 3271995 *12 (Queens Sup. Ct. 2008). If Defendants call Mr. Green at trial—which is highly unlikely—they would be calling a witness who they described to the Appellate Division at oral argument as "incredible as a matter of law."

The other witness who received payment (also disclosed) was Andrew Carter, who Cravath paid $90 per hour, with no strings attached, to come in for three meetings. The District Court ruled that the recantation testimony of Carter, who is deceased, was inadmissible hearsay.[2]

Discovery in this lawsuit commenced after the District Court denied Defendants' motion to dismiss on February 10, 2014. The parties took 11 depositions, and Plaintiff and Cravath produced thousands of pages of documents, including all attorney emails with private investigators relating to Mr. Green. During depositions, Defendants' counsel asked witnesses if they had ever been paid, promised or offered anything by Plaintiff's counsel, and all of them testified they had not. On April 28, 2014, the Hon. Viktor Pohorelsky so-ordered a joint stipulation setting June 26, 2015 as the cut-off date for underlying fact discovery. At the parties' first appearance before your Honor, on November 18, 2015, defense counsel stated that Defendants' non-*Monell* discovery was complete. The Court extended the deadline for non-*Monell* fact discovery to December 4, 2015 to allow for the tying up of loose ends. *See* November 19, 2015 Minute Entry; Transcript of Nov. 18, 2015 conference, Dkt. 134, 21:17-25, 29:17-18, 40:3-8. After a brief period of *Monell* discovery, Defendants moved for summary judgment. On January 29, 2019, the Second Circuit vacated the District Court's grant of summary judgment and held, "The instant lawsuit . . . pertains not to how or why Bellamy was released but whether constitutional error led to his conviction in the first place." *Bellamy v. City of New York*, 914 F.3d 727, 734 (2d Cir. 2019).

**1. The information the subpoenas request is irrelevant and, regardless, Defendants do not have "good cause" to re-open non-*Monell* fact discovery**

The subpoenas at issue target the "financial transactions and activities" of Bellamy's counsel and investigators during post-convicting proceedings and of the undersigned in an unrelated state post-conviction proceeding, *People v. Jones*, Ind. No. 4811/94 (Sup. Ct. Queens Cty.). Consistent with the Second Circuit's decision, the subpoenas should be quashed because the requested information relates solely to the circumstances of the vacatur of Bellamy's conviction and does not bear on the credibility of any witness whose testimony relates to Mr. Bellamy's claims of police and prosecutorial misconduct.

Even if the targeted information were relevant, Defendants could not show "good cause" for re-opening non-*Monell* fact discovery. "It is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 as a means to engage in discovery after the discovery deadline has passed." *Joseph P. Carroll Ltd. v. Baker*, 2012 U.S. Dist. LEXIS 51869, *6 (S.D.N.Y. 2012) (internal quotation marks omitted); *Pasternak v. Dow Kim*, 2013 U.S. Dist. LEXIS 57299, *3 (S.D.N.Y. 2013). A party "seeking to reopen discovery bears the burden of establishing good cause," *Durakovic v. Bldg. Serv. 32B-J Pension Fund*, 642 F. Supp. 2d 146, 155 (E.D.N.Y. 2009), which "depends on the diligence of the moving party."

[2] Defendants incorrectly draw a sinister inference from an interview the undersigned and Cravath conducted of Ms. Sanchez outside the courtroom during the 440 proceeding. In fact, as Sanchez testified, the undersigned repeatedly asked her to "tell the truth," only to have her reply, "what is in it for me"? Dkt.190-1 at 485, 489-491.

*Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see* Fed. R. Civ. P. 16(b)(4).

Defendants do not claim that new information justifies re-opening discovery. *See McKay v. Triborough Bridge & Tunnel Auth.*, 2007 U.S. Dist. LEXIS 81722, *7 (S.D.N.Y. 2007) (denying service of subpoena post-discovery because movants "do not contend that any new information has come to light…"). Nor do Defendants explain why they did not serve the subpoenas during the 20-month discovery period. Defendants' contention that they did not foresee Mr. Bellamy would assert his innocence at trial is meritless, as Mr. Bellamy has always professed his innocence, including in his complaint. *See* Dkt. 1 ¶¶ 245, 374, 384, 390, 399.

In addition to the diligence and relevancy requirements, factors courts consider in determining whether there is "good cause" to re-open discovery include (1) "the imminence of trial," (2) "whether the request is opposed," and (3) "prejudice to the non-moving party." *Genova v. City of Glen Cove*, 2015 U.S. Dist. LEXIS 141830, *6-7 (E.D.N.Y. 2015). The trial is currently scheduled to begin April 20, 2020. If, as Defendants suggests, the subpoenas are a precursor to a broader reopening of discovery, including depositions of Bellamy's post-conviction counsel and investigators—and any further discovery by Plaintiff that might be triggered—then Mr. Bellamy's lawsuit, now in its 8th year, could be substantially delayed.

Defendants cannot evade the discovery deadline by recasting the subpoenas as "trial" subpoenas. Trial subpoenas are appropriate "in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." *Revander v. Denman*, 2004 U.S. Dist. LEXIS 628 *2 (S.D.N.Y. 2004). "However, when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Id.* at *3.

**2. The Court should award reasonable legal fees because Defendants' request for financial records in the unrelated *Jones* case is baseless**

Lacking any evidence that any of the *Jones* witnesses were promised, offered or given any benefit by counsel, Defendants speculate as to "witness payments" for four reasons: 1) the 440 hearing court did not credit the testimony of the Jones witnesses; 2) Jones's prosecution occurred around the same time as Plaintiff's; 3) the undersigned, as in the Bellamy case, worked jointly with a major law firm; 4) Jones's new trial motion was filed in 2013, shortly after Bellamy's indictment was dismissed. The notion that this gives Defendants good cause to investigate "a pattern of paying compensation to witnesses" is preposterous.[3]

Plaintiff should be awarded legal fees for the portion of this letter response that relates to the subpoena of records related to *People v. Jones*. FRCP 37(a) (5) (B). "[U]nder the terms of [Rule 37(a)(5)(B)], if the motion is denied, the discovered party is presumptively entitled to an award of motion expenses, including reasonable attorney's fees[.]" *Kregler v. City of New York*, No. 08 Civ. 6893 (VM)(MHD), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013). "[T]he Rule is mandatory unless one of the conditions for not making an award is found to

[3] Mr. Jones was granted parole at his first parole board hearing, despite professing his innocence. Co-counsel Gibson Dunn submitted a letter to the parole board detailing why Jones is innocent.

exist, but these conditions are themselves broad enough that the Court retains some discretion in the matter[.]" *Pegoraro v. Marrero*, No. 10 Civ. 00051(AJN)(KNF), 2012 WL 5964395, *7 (S.D.N.Y. Nov. 28, 2012) (internal quotation marks and citation omitted).

**Conclusion**

Defendants' application for leave to serve four Rule 45 discovery subpoenas should be denied, and Plaintiff should be awarded reasonable legal fees for opposing Defendants' motion.

Respectfully submitted,

s/____________________
Thomas Hoffman
Attorney for the Plaintiff Kareem Bellamy

cc: All counsel **(By ECF)**