# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER

152 WEST 57TH STREET

EIGHTH FLOOR

NEW YORK, NEW YORK 10019

———

TELEPHONE: (212) 752-7600

FACSIMILE: (212) 980-2968

E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

———

HARAN TAE
JACOB "COBY" LOUP
JONATHAN G. HILES

GEORGE R. GOLTZER
(OF COUNSEL)
PARTHA SHARMA
(PARALEGAL)

December 13, 2019

**BY ECF**

Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Kuo:

    Re:    *Bellamy v. City of New York et al.*
           12-cv-1025 (AMD)(PK)

    Pursuant to the parties' Stipulation, Plaintiff Bellamy and the plaintiffs in *Benitez v. City of New York, et al.*, No. 17-cv-03827 (SJ)(SJB), and *Taylor v. City of New York*, No. 18-cv-5500 (NG)(ST) (E.D.N.Y.) ("the two related lawsuits") respectfully request this Court to refer Defendants' currently-pending motion for a protective order to limit the scope of ADA Debra Pomodore's deposition (ECF No. 262), to Judge Sanket Bulsara.

    The first four paragraphs of the parties' *Monell* discovery stipulation deals with sharing document discovery and resolving disputes about such discovery. *See* Ex. B. In ¶ 5, the Stipulation turns to depositions. That paragraph states that the depositions will be "consolidated and available for use in all cases," followed by the subsequent paragraph, which divides the depositions into Phases I and II, with "[d]isputes during these depositions" to be decided by Judge Bulsara for Phase I and Judge Kuo for Phase II. *Id.* at 3. The City evidently contends that its motion precedes and is not "during" Pomodore's deposition, but this argument skirts the plain intent of the stipulation. Indeed, the City gives up the game by principally relying on Fed. R. Civ. P. 30(d)(3), which authorizes a motion to truncate a deposition to be filed "during" it. The Federal Rules ordinarily require the kinds of relevancy and privilege objections the City makes here to be made "during" a deposition, hence the wording of the above rule. That is also why such language was used in the Stipulation. The plain intent is to have disputes such as the instant one decided by the Phase I judge.

    Plaintiff Benitez originally noticed Pomodore's deposition on January 14, 2019, but Defendants refused to produce her. On August 26, the parties appeared before Judge Bulsara on Defendants' motion to bifurcate *Monell* discovery, including depositions, and Defendants

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Peggy Kuo
December 13, 2019
Page 2

objected to Pomodore's deposition. Judge Bulsara denied the City's bifurcation motion, declaring it was made in bad faith, ordered the *Monell* depositions in question to be completed by the end of November, and directed Defendants to file any "kind of motion for a protective order" against Pomodore's deposition by September 20. *See* Ex. C at 2-6, 12, 16.

Thereafter, the parties in *Benitez*, *Bellamy*, and *Taylor* entered into the stipulation concerning *Monell* discovery, including Pomodore's deposition. *See* Ex. B. However, when the City stated Pomodore would not appear on her noticed deposition date of November 20 but would not provide any alternative date, Plaintiff Benitez moved on October 28 to compel her deposition—and for document discovery related to the *Bedi* case, which Pomodore prosecuted. *See* Ex. D. Based on Defendants' representation they would produce Pomodore on a specified date, Plaintiff withdrew that part of his motion. The parties then agreed to postpone her deposition until after Judge Bulsara rules on the *Bedi* document motion, which is still pending.

In accordance with the *Monell* stipulation, Plaintiff served Defendants, on November 19, with a list of 11 possible subject areas for Pomodore's deposition. *See* Ex. E. The stipulation explicitly states such notice "is not intended to provide defendants with any right," beyond ordinary civil rules, "to preclude or to have the witness refuse to respond to any question that Plaintiffs ask during such deposition," but solely to assist the witness to "prepare." Ex. B at 4. Yet, Defendants then served Plaintiff with written objections to the deposition topics styled in the form of a response to a document demand (with all three lawsuits captioned), objecting to every area of anticipated questioning. *See* Ex. F.

On December 3, undersigned counsel conferred for an hour with defense counsel, Joshua. Lax, about Defendants' objections and understood that Mr. Lax would speak to his clients and call the undersigned for further discussion. For the rest of that week, undersigned counsel made numerous, unsuccessful attempts to obtain a response from Mr. Lax. Finally, on December 9, the undersigned informed Mr. Lax's colleague Erin Ryan (defense counsel in *Benitez*) that Plaintiff would be filing a motion to compel Pomodore's deposition testimony should Mr. Lax not respond. The next morning, Mr. Lax e-mailed the undersigned that there was no point in further conferral and, five minutes later, filed the instant motion for a protective order.

Under these circumstances, defense counsel did not satisfy the good faith effort to confer as required under Fed. R. Civ. P. 26(c)(1), Local Rule 37.3(a), and this Court's own rules. In Defendants' rush to bring this motion before your Honor before Plaintiff could, consistent with the Stipulation, move to compel before Judge Bulsara, Defendants also filed their motion, which was four pages in excess of the Court's 3-page limit, without seeking prior permission of the Court or our consent, in contravention of your Honor's rules.

Yesterday, undersigned counsel, on behalf of all three Plaintiffs, filed a letter motion before Judge Bulsara, explaining the sequence of events, responding to the objections raised in Mr. Lax's letter-motion, and moving to compel Pomodore's deposition testimony.

# LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Peggy Kuo
December 13, 2019
Page 3

Referring the instant motion to Judge Bulsara would not only be consistent with the Stipulation, but would also better serve judicial economy. Plaintiff Benitez has already discussed with Judge Bulsara at length, in motion papers and at court conferences, the relevance of Pomodore's deposition testimony to the *Monell* theories articulated in his complaint, which are more comprehensive than those in *Bellamy*. Plaintiff Benitez's Amended Complaint alleges not only that the Queens D.A. failed to adopt an information management system that would ensure that impeachment information concerning witnesses (such as the Witness Security Program records) would be communicated to the trial prosecutors responsible for disclosing it, but that the D.A. was deliberately indifferent to the need to investigate and discipline prosecutors who committed *Brady* and other fair trial violations, including summation misconduct. The 440 motion filed in *Bedi* alleging *Brady* violations by Pomodore was filed in 2012, and decided in Bedi's favor in 2013, within two to three years of the trials in *Benitez* and *Taylor*, and thus, the Office's failure to investigate and discipline Pomodore is even more salient to the claims in those cases than in *Bellamy*, which was tried in 1995. While your Honor, in May, ruled, without briefing and without prejudice, on the narrow issue of whether to compel disclosure of e-mails and correspondence from the *Bedi* case, the court was not presented with, and did not consider, the theories of liability explained above, let alone the scope of Pomodore's deposition.

We respectfully request that your Honor refer Defendants' motion to Judge Bulsara. In the alternative, we request that your Honor accept Plaintiffs' submission of the attached 10-page letter and exhibits (which were previously submitted to Judge Bulsara), as their response in opposition to Defendants' motion for a protective order. Mr. Lax has consented to the excess pages if filed in this matter.

Respectfully submitted,

/s/

Joel B. Rudin
*Attorney for Plaintiff*

cc:    Joshua Lax, Esq. (by ECF)
        Erin T. Ryan, Esq. (by e-mail & regular mail)
        Richard Bahrenburg, Esq. (by e-mail & regular mail)
        Philip DePaul, Esq. (by e-mail & regular mail)
        Joshua Weiner, Esq. (by e-mail & regular mail)
        Assistants Corporation Counsel
        *Counsel for Defendants*