UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RICARDO BENITEZ,

                                         Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

**STIPULATION REGARDING MONELL DISCOVERY**

17-CV-3827 (SJ)(SJB)

-----------------------------------------------------------------------x

KAREEM BELLAMY,

                                          Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

12-CV-1025 (AMD)(PK)

-----------------------------------------------------------------------x

RHIAN TAYLOR,

                                          Plaintiff,

18-CV-5500 (NG)(ST)

            -against-

CITY OF NEW YORK, et al,

                                        Defendants.

-----------------------------------------------------------------------x

        **WHEREAS**, on October 8, 2019, the counsel for all parties in the matters entitled Benitez v. The City of New York, et al., Bellamy v. City of New York, et al., and, Taylor v. The City of New York, et al (hereinafter referred to as "the cases") which are all pending in the United States District Court for the Eastern District of New York, have agreed; and

        **WHEREAS**, no party will be prejudiced by this agreement, and

**WHEREAS**, good cause exists for the Court's endorsement of this agreement in accordance with Rule 1 of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. Counsel for the cases shall be entitled to share discovery related solely to Monell claims between the cases. All Counsel agree that such discovery shall be governed by the confidentiality stipulations at place in each case.

2. By agreeing to share document discovery, defendants are not conceding the relevancy or admissibility of any document in each specific case, and defendants reserve their right to object to the relevancy or admissibility of any of these documents at the time of summary judgment, trial or otherwise.

3. Despite the sharing referenced in Paragraph 1, all disputes will remain before the judge in which case the dispute originally arose. Counsel agree that if an issue has been definitively resolved in one case, it will apply to all cases. However, nothing in this agreement precludes a party from presenting to an appropriate judge an argument that such issue is not definitively resolved or that the facts or the claims in a particular case distinguish the ruling made in another case.

4. Unless otherwise ordered, the parties agree that the limitations placed on discovery related to the matter People v. Bedi by Judge Kuo will apply to the cases. However, nothing in this agreement precludes a party from presenting to an appropriate judge an argument that such issue is not definitively resolved or that the facts or the claims in a particular case distinguish the ruling made by Judge Kuo.

5. Depositions for witnesses related to the cases' Monell claims will be consolidated and available for use in all cases.

6. Monell depositions for the individuals identified in paragraph 7 will occur as follows:

    a. Phase 1:   Generally will cover Queens District Attorney's Office policies, practices, customs, training, discipline, and supervision, including the handling of individual cases of alleged misconduct, in effect or occurring from 2000-present. Disputes during these depositions, which shall include the complete deposition of Deborah Pomodore, will be directed to Judge Bulsara.  This phase will be completed on or before November 30, 2019, unless otherwise ordered by the Court or agreed to by the parties.

    b. Phase 2:  Will concentrate on the same subject matter as Stage 1 except it will generally focus on the pre-2000 time period and witness protection.  Disputes during these depositions will be directed to Judge Kuo.

7. Monell depositions will follow the below constraints:

    a. No single day will last longer than 7 hours unless agreed to by all the parties;

    b. The parties have agreed to the following overall time-limits for each witness in total:

        i. Ryan: 16 hours to be taken at the Queens District Attorney Office

        ii. Masters: 14 hours to be taken at noticed location

        iii. Duddy: 12 hours to be taken at noticed location

        iv. Castellano: 12 hours to be taken at noticed location

        v. Pomodore: 7 hours to be taken at noticed location (during Phase 1);

    c. Plaintiffs may divide up their total time as they see fit during the Phase 1 and Phase 2 depositions, except that the Pomodore deposition will be completed during Phase 1. Whatever time is remaining after the completion of Phase 1 will carry over to Phase 2.

    d. Counsel for plaintiffs will provide defense counsel with appropriately personalized, good faith notice of the subject matter to be covered by each deposition mentioned in Paragraph 5 <u>two weeks</u> prior to the occurrence of such depositions. Plaintiffs may supplement this notice as reasonably appropriate in light of further discovery, depositions, and preparation for such deposition, and may ask reasonable follow-up questions during each deposition. If Plaintiffs anticipate asking questions that go outside the time periods set forth in Paragraph 6 above, they will to the extent reasonably feasible give such prior notice. This provision is not intended to provide defendants with any right, in addition to that which they may already have under applicable rules governing depositions, to preclude or to have the witness refuse to respond to any question that Plaintiffs ask during such deposition. It is in the interest of all parties that the defense be given reasonable notice so that its witnesses can adequately prepare and give meaningful answers to the questions posed at the depositions, and plaintiffs will endeavor in good faith to provide such notice.

JOEL RUDIN
Law Office of Joel B. Rudin, P.C.
*Attorneys for all Plaintiff*
152 West 57th Street, 8th Floor
New York, NY 10019
(212) 752-7600

By: _____
Joel B. Rudin, Esq.
*Attorney for all Plaintiffs*

Dated: New York, New York
November 5, 2019

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-3538

By: _____
Joshua J. Lax, Esq.
*Senior Counsel*

SO ORDERED:

*Peggy Kuo*
_____
HON. PEGGY KUO
UNITED STATES MAGISTRATE JUDGE